Smith, J.
In this case we are of the opinion—
*228 First. — That by virtue of the facts shown, that before and at the death of Curtis, (who was one of the three assignees ot Songhen), the surviving assignees, Bradley and Moerlein, had not only a claim against the firm of Shepherd & Curtis for the amount of the money belonging to the assignment which had been deposited in the bank of Shepherd & Curtis by Curtis himself, but also a personal claim against each of the partners as individuals. It is the acknowledged law, that persons having a claim against a partnership, have also a claim against the individuals composing the partnership. But in addition to this, during the life-time of Curtis, Bradley and Moerlein as assignees commenced an action against Shepherd & Curtis as partners to recover the amount of their claim against the partnership. Before the case came to trial, Curtis died, and Mr. Williams, as administrator of his estate, was made a party defendant thereto, and afterwards in said action the two surviving assignees recovered a judgment on the claim so asserted against the partnership, for the full amount thereof, against Shepherd and the administrator of the estate of Curtis. The effect of this was that the assignees, having elected to treat their claim as one primarily against the partnership, and having recovered a judgment thereon which entitled them to share in the assets of the partnership, and having in fact done so by receiving from Mr. Neal, the receiver thereof, a dividend of from 30 to 40 per cent., (not counting that received from Shepherd), they must be considered and held to be creditors of that partnership, but having a right, as before stated, to share in accordance with principles of law and equity in the assets of the individual members of the firm, if they be insolvent, in case their claims against the partnership are not fully paid from the partnership assets. If this judgment of Bradley and Moerlein had been recovered in the life-time of Curtis, it would have operated as a lien on all the real estate in the county to which he held the legal title, and then the judgment would have had to be paid by the administrator according to the lien and priority thus obtained. *229 But as he died before the rendition of the judgment, it did not operate as a lien on his real estate. In view of those doctrines and principles of law, it seems to us that all of the evidence offered in the case, whichjtends to show that Curtis, one of the assignees, improperly deposited the funds of the assignment in his own bank, when he knew that it was insolvent, and that it was done by him without the knowledge or consent of his co-assignees, and that therefore they had a claim against him as an individual, was not at all material or valuable — for, as has been said, they elected to treat their claim as one against the partnership, and recovered a judgment thereon, and have received their dividend from the partnership assets.
This question wag considered by us incidentally at the hearing of the error cases of Williams, Adm’r v. Bradley et al., 5 C. C. Rep. 114, and an opinion expressed in regard thereto ; but as it was really not a question the decision of which was there necessary, counsel for the pai’tnership creditors have now fully presented to us their views upon the subject, and we have again considered it.
This being so, the question arises whether persons who were creditors of the partnership, and who have asserted their claims as such, and received a substantial dividend from the assets thereof, are entitled to share equally with the general individual creditors of another deceased partner, in the individual assets of such partner, when they are not sufficient to pay his individual debts in full.
As we understand it, the Supreme Court, in the case of Rogers v. Miranda, 7 Ohio St. 179, has conclusively settled this question, so far as this court is concerned, unless it should be held that the fact that the member of the partnership whose individual assets are the subject of controversy, should die before the assets are divided, wholly changes the rule. In that case, the syllabus of the decision of the court on that point is as follows:
f[l. It is a rule of equity in the distribution of the joint and separate assets of insolvent partners, that the individual *230 assets of a partner be first applied to tbe debts of his individual creditors, and the partnership assets first to the partnership debts; the preference of the separate creditors in the individual property, resulting as a necessary correlative from the priority of the joint creditors in the joint effects, unseparable from the nature of the relation of the partners to each other.
“2. ■ The rule does not apply where there is no joint estate for distribution, and no living solvent partner. But where thei’e are joint and separate effects for distribution, the joint creditors can in equity only look to the surplus of the separate estate of a partner after the payment of his individual debts. And the individual creditors canffn equity only seek distribution from the partnership effects, out of the surplus of the joint fund, after payment of the partnership debts.”
If, therefore, Curtis were now living, (if we comprehend the effect of this decision), it would seem quite clear that the creditors of this partnership having already received a large dividend from the assets thereof, would not be entitled to share in the assets of Curtis’ estate, until his individual creditors were fully paid. Whether this rule is the best and most equitable one in a case like this, may be questionable, but if it has been declared to be the law by the Supreme Court, it is our duty to follow it. We might say that if the question were a new one, that it would seem to us that equal and exact justice would be more nearly done in a case like this, by giving to the individual creditors of Curtis a dividend from his individual assets, applicable to the payment of his general debts, equal to that received by the partnership creditors from the partnership assets, and if anything remained, that it be divided ratably among all the creditors of Curtis, whether partnership or individual debts, not exceeding in amount, of course, their whole claim.
But do the provisions of sec. 6102, Revised Statutes, take this case out of the operation of the rule laid down in the 7th Ohio St., for the reason that Curtis is now dead, as is claimed *231 to be the ease by counsel for'the partnership creditors? The section reads as follows: “ When two or more persons shall be indebted in any joint contract, if either of them shall die, his estate shall be liable therefor, as if the contract had been joint and several, or as if the judgment had been against himself alone.”
It is conceded, as we understand, by counsel for Bradley and Moerlein that their clients stand in no better position by reason of the judgments which have been rendered on their claim in their favor since the death of Curtis, than they would if no such judgments had been rendered. The law applies precisely the same rule to indebtedness on joint contracts that it does to judgments rendered thereon. But the claim is made that even if the rule, as announced in 7th Ohio St., is correct, and would govern here- if Curtis were alive, that by virtue of sec. 6102, immediately on his death, as the claim which was before a joint one became a several one, and each of the partnership creditors held a several claim against Curtis’ estate, they were not only entitled to a dividend thereon from the partnership assets, but in addition to a dividend on their whole claims from the individual assets of Curtis, with the individual creditors of Curtis. Is this the force and effect of the section quoted?
As to this we may say that in our opinion no such result was contemplated by the legislature in its passage, but that the object and-purpose of it was to abolish a doctrine of the common law, which was upheld on technical and artificial reasons, but which operated unjustly in many cases. As is held in the decision of the case of Burgoyne v. The Trust Co., 5th Ohio St. 586: “At common law, the death of one of tire joint makers of an obligation extinguishes all remedy at law against his estate, and no action can be maintained against his personal representative, either jointly with the survivor, or by a separate suit. In such case relief was afforded in chancery, but only upon condition that the remedy against the survivor had proved fruitless. This principle of the common law was ab *232 rogated by the 90th section of our administration law, (now 6102), and the estate made liable in the same manner <fasif the contract had been joint and several.”
This, we think, was the full scope of this legislation, and that it did not at all operate to alter the rule established in 7th Ohio St., which was decided long after this section was passed. It was not intended to, and did not give to partnership creditors of an insolvent partnership any other rights to the distribution of the assets of a deceased insolvent member of a partnership, that could not before have been asserted in equity.
Nor does the claim of counsel, that the statute providing for the distribution of the estate of deceased persons requires a distribution (after the payment of preferred debts and liens) among all the general creditors, seem to be well founded. It is disposed of summarily in the Rodgers-Miranda case, before cited. The court says, on page 192, that this statute or the like one as to the distribution of estates “ were certainly never intended to have such an effect. The equality required by them is subordinate to the settled equities and priorities of different grades and classes of creditors. It was manifestly not the design of these statutes to change the nature of partnership contracts, and abrogate the preference of partnership assets.”
Second — We are further of the opinion that the two judgments represented by Judge Thomas and Mr. McClung-, which were recovered in the life-time of Curtis, but after he had made an assignment of all of his property to- for the benefit of his creditors, were specific liens on the real estate sold by the administrator, and should be paid before the claims of the. unsecured individual creditors of Curtis. This would not have been the case if the deed of assignment had stood. But this deed, by a valid decree of the court binding on all of the parties, was adjudged to be null and void, and the effect was the same as if no deed had been executed, and the lien of the judgments so taken, was valid on the lands in the county *233 belonging to Curtis at the time, and which have been sold by the administrator who holds the proceeds for distribution. A decree may be taken in conformity with this opinion.
Judge F. A. Hume and Isaac Robertson, for Bradley and Moerlein.
James E. Neal, for Davidson.'
Thomas & McClung, for lienholders.
Stephen'Crane, for general creditors of Curtis.
Thos. MilliJcin and Israel Williams, for Williams, Administrator.